UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-62250-CIV-SINGHAL

HOWARD COHAN,

     Plaintiff,

v.

MATCHBOX SAWGRASS LLC
d/b/a Matchbox Sawgrass Mills,

     Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Default Judgment. (DE [12]).  Included in this Motion is Plaintiff's demand for attorneys' fees and costs. Defendant Matchbox Sawgrass LLC d/b/a Matchbox Sawgrass Mills ("Matchbox") was served with the Summons and Complaint on December 8, 2022.  Matchbox failed to timely respond or answer to the Complaint and the Clerk entered a Default on January 17, 2023. (DE [10]).  Plaintiff now moves for entry of a default final judgment against Matchbox.

"A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b)." *Tan v. Sushi Yama Japanese Rest., Inc.*, 2020 WL 6293216, at *1 (S.D. Fla. Aug. 4, 2020), report and recommendation adopted, 2020 WL 6290345 (S.D. Fla. Oct. 27, 2020) (citing *United States v. Kahn*, 164 Fed. Appx. 855, 858 (11th Cir. 2006)).  "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).  "If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and

enter final judgment in that amount." *Tan,* 2020 WL 6293216, at * 1 (internal citations omitted).

To state a claim under the ADA a plaintiff must allege (1) he is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 416 (11th Cir. 2011) (citing 42 U.S.C. 12182(a)).  Here, Plaintiff has alleged that he suffers from a qualified disability under the ADA.  (DE [1] ¶ 6).  Further, Plaintiff has sufficiently alleged that Defendant owns, leases or operates a place of public accommodation.  (DE [1] ¶ 4).  Because Defendant operates a place of public accommodation, as the premises are used as a restaurant, Defendant must rectify the violations and maintain the premises in compliance with the ADA. See 42 U.S.C. §1281(7)(A).  Finally, Plaintiff alleges that Defendant discriminated against him within the meaning of the ADA and provides the exact provisions of the ADA that Defendant has violated.

Additionally, where a plaintiff is seeking injunctive relief, as plead in this matter, said plaintiff must also show that there is a real and immediate threat of future injury. *Stringham 6 v. 2921 Orlando Drive, LLC*, 2014 WL 2215769 (M.D. Fla. 2014) (citing *Shotz v. Cates*, 256 F. 3d 1077, 1081 (11th Cir. 2001).  Here, Plaintiff alleges that if Defendant modifies the premises to comply with the ADA, then Plaintiff will be given equal access to and equal enjoyment of the facilities at the Premises and his injury-in-fact will be redressed.  (DE [1] ¶¶ 7, 8, 9, 10, 11 and 12). Additionally, Plaintiff, a bona fide patron of the premises, alleges that he will avail himself of the services offered at the premises in the future, provided that Defendant modifies the premises or modifies the policies and practices to accommodate individuals who have physical disabilities. (DE [1] ¶¶ 7, 8, 9,

10, 11, 12 and 13). Thus, Plaintiff has alleged that he suffered an injury-in-fact as a result

of Defendant's failure to comply with the ADA and that the injury-in-fact can be rectified

through court intervention, which will alleviate the real and immediate threat of Plaintiff

being subjected to future injury in the form of Plaintiff being denied equal access and

equal enjoyment of the public accommodations at the premises. Plaintiff is entitled to the

relief sought.

Next, the ADA provides for an award of attorney's fees and costs to a prevailing

plaintiff.   42 U.S.C. § 12205.   The reasonableness of attorney's fees in this circuit is

determined by the lodestar method, whereby the number of hours reasonably expended

on the litigation is multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S.

424 (1983*); Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).[1]

After determining the reasonable hourly rates, the Court must assess the reasonable

number of hours expended in the litigation.  *Norman*, 836 F.2d at 1301.  The party seeking

an award of fees must document the hours worked and claimed.  *Sierra v. JRF, Inc.*, 2017

WL 1929961, at *1 (S.D. Fla. Jan. 9, 2017).  The court may only award fees for hours that

were "reasonably expended" and should exclude from the initial fee calculation any hours

that were not reasonably expended.   *Id.* (citing *Hensley,* 461 U.S. at 433-34).   The

reasonableness of the hours expended depends on counsel's "billing judgment," that is,

---

[1] In *Norman*, the court stated that the following twelve factors set forth by the former Fifth Circuit in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 719 (5th Cir. 1974), are still relevant in establishing a reasonable hourly rate: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  See 836 F.2d at 1299.  In determining counsel's reasonable hourly rates, the Court has considered the applicable Johnson factors.

the exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301). The court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1299.

Plaintiff has submitted an Affidavit of Time and Costs (DE [12-2]) and seeks a total of $6,204.00 in fees and costs. The Court has reviewed the affidavit and concludes that the $350 per hour fee for attorney Gregory S. Sconzo is reasonable. The Court finds, however, that the hours expended are not reasonable. In particular, the Complaint, Motion for Clerk's Default, and Motion for Default Judgment are based upon cookie-cutter routine forms used in multiple cases.[2] The Court finds the 7.4 hours billed for those pleadings and motions to be excessive and will reduce the hours to 3.7 for preparation of the Complaint, Motion for Clerk's Default and Motion for Default Judgment. *See Brother v. Miami Hotel Investments, Ltd.,* 341 F. Supp. 2d 1230 (S.D. Fla. 2004) (reducing attorney's fees where pleadings consisted of cookie-cutter complaint similar to complaints filed in other cases). In addition, the Court will not award legal assistant charges of $45 for preparation of a package of the Complaint, Civil Cover Sheet, and Summons for the process server. This is a clerical task that is not recoverable. Finally, the Court will deny recovery of $105 for a communication between attorney Sconzo and the expert regarding affidavit and final judgment because the Court cannot accept the expert services as

---

[2] The Court notes that attorney Sconzo has appeared in the Southern District of Florida in 1,089 ADA-related matters and less than 50 of those matters involve clients other than the Plaintiff Cohan. The complaints and pleadings are similar and usually based upon the same form pleadings.

reasonable in this case.

Plaintiff seeks to recover $1,900 for the services of Giovannia Paloni as an expert who assisted in evaluating Defendant's premises.  Ms. Paloni's affidavit (DE [12-3]) attests that her services involved reviewing pictures submitted to her by Plaintiff, talking to Plaintiff about the barriers he encountered, and creating a Violation Breakdown.  The invoice submitted does not state the hourly rate or the number of hours expended. Plaintiff has also attributed $1,900 – the exact same amount – in costs to Ms. Paloni's services in prior cases.  *See Cohan v. Tabac West Palm Beach, Inc.*, No. 21080642-CIV-SINGHAL (S.D. Fla. June 23, 2021).   Plaintiff has failed to sustain his burden of establishing that Ms. Paloni's services were reasonably necessary or reasonably charged.  *See Caplan v. Rehabclinics (PTA) Inc.,* 2020 WL 3977140, at *8 (Jul. 13, 2020) (expert fee petition failed to establish reasonableness of fee).  The Court cannot accept a fee of $1,900 for the work that was performed and will disallow the $1,900 expert fee sought by Plaintiff.  The remaining costs, $402 filing fee and $52.40 for service of process, are reasonable and will be awarded.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Final Judgment (DE [12]) is **GRANTED IN PART AND DENIED IN PART**. The Court will enter a Final Default Judgment in favor of Plaintiff and award Plaintiff attorney's fees in the amount of $2,415.00 ($350 per hour for 6.9 hours) and costs in the amount of $454.40.  The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.  A separate Final Default Judgment will be entered.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 13th day of February 2023.

Copies furnished counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE